IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| GRANT BELL,[1] | § |
| | § No. 486, 2022 |
| Petitioner Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN19-04920 |
| HAZEL MOORE, | § Petition No. 22-20359 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: April 18, 2023
Decided: April 18, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellee's motion for remand, it appears to the Court that:

(1) The *pro se* appellant ("Husband") filed this appeal from a Family Court order, dated November 30, 2022, that dismissed Husband's petition for a rule to show cause concerning a dispute regarding whether the appellee ("Wife") was required to sign a qualified domestic relations order dividing her 401(k) account. The Family Court scheduled a case management teleconference for October 30, 2022. The notice of the conference directed the parties to provide the court with a

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

phone number where they could be reached for the teleconference. Wife's counsel complied with that direction; Husband did not. Based on Husband's failure to provide a phone number for the teleconference, the Family Court entered an order dismissing Husband's petition with prejudice.

(2) Husband has filed his opening brief in this appeal from the Family Court's order. He argues that the Family Court erred by (i) dismissing his petition for his inadvertent failure to provide a phone number for the teleconference and (ii) giving the dismissal prejudicial effect without "determin[ing] after a hearing," that Husband's intent in filing the petition "was to harass or annoy or for other good cause shown," as required by Family Court Rule of Civil Procedure 41(b)(1).[2]

(3) On April 4, 2023, Wife, through counsel, filed a motion for remand. In the motion, Wife concedes that dismissal with prejudice was contrary to Family Court Rule of Civil Procedure Rule 41(b)(1). Wife states that further proceedings in the appeal should result in either vacatur of the dismissal order or reversal of the prejudicial effect of the dismissal order, either of which will require the Family Court to address the dispute regarding the 401(k) on the merits. Wife therefore contends that "[r]emand—rather than full . . . briefing on what is effectively a moot issue—is in the interests of the judicial economy of this Court and the Family Court as well as

---

[2] The Family Court's November 30, 2022 order also addressed certain matters other than the 401(k) issue. Husband's opening brief does not assert any claims of error as to the Family Court's resolution of those matters.

2

the parties' personal economy."  Husband has not responded to the motion for remand.

(4)     In light of Wife's concession that dismissal with prejudice was in error and that resolution of this matter on the merits by the Family Court is appropriate—and in the absence of any opposition from Husband to the motion for remand—we conclude that the matter should be remanded to the Family Court for further proceedings.

NOW, THEREFORE, IT IS ORDERED that the motion for remand is GRANTED.  The matter is REMANDED to the Family Court for further proceedings consistent with this order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice